UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THE DOC APP, INC. D/B/A MY
FLORIDA GREEN, a Florida
corporation,

    Plaintiff,

v.                                  Case No.:  2:25-cv-838-SPC-NPM

LEAFWELL, INC., a Delaware
corporation,

    Defendant.

## ORDER TO SHOW CAUSE

Plaintiff The Doc App, Inc. d/b/a My Florida Green alleges that Defendant Leafwell, Inc.'s pop-up events offering free medical marijuana certifications violate Florida law because Defendant uses dispensary funding to subsidize physician fees. (Doc. 3). So on September 15, 2025, Plaintiff sued Defendant in state court for a violation of the Florida Deceptive and Unfair Trade Practices Act, Fla Stat. § 501.204 (count I), tortious interference with business relationships (count II), unjust enrichment (count III), civil conspiracy (count IV), and declaratory and injunctive relief (count V). Defendant removed the case on September 19, 2025. (Doc. 1).

Plaintiff then filed its Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. 17). Plaintiff requests that the Court enjoin

Defendant from conducting or participating in any dispensary-funded or "free" medical marijuana certification events or promotions in Florida; using or disclosing patient information in violation of privacy laws; and engaging in any advertising or practice that violates Florida Statutes §§ 817.505, 381.986(3)(b), or 501.204.

Defendant identifies several areas of serious concern in its response to the motion. (Doc. 19). It points out that §§ 817.505 and 381.986(3)(b) create no private right of action. (*Id.* at 11–12). In fact, one statute is part of the criminal code. While these are noteworthy discrepancies, they are not close to the most egregious problems Defendant highlights. That is—Plaintiff's counsel, Jason Castro, included in the motion "two completely fabricated cases, four purported quotes to cases that do not contain anything resembling those quotes, and six instances where [Plaintiff] cites to cases that have nothing whatsoever to do with the stated proposition." (*Id.* at 1).

The Court spot-checked several (but not all) cases Defendant flagged. Plaintiff's citation to *Henson v. Allison Transmission, Inc.*, No. 6:16-cv-1223-Orl-41DCI, 2017 WL 59085 (M.D. Fla. Jan. 5, 2017) is nonexistent. That Westlaw citation brought the Court to *Datiz v. Int'l Recovery Assocs., Inc.*, No. 15CV3549ADSAKT, 2017 WL 59085 (E.D.N.Y. Jan. 4, 2017). Plaintiff's citation to *State Farm Mut. Auto. Ins. Co. v. Pressley*, 727 So. 2d 1019, 1020 (Fla. 3d DCA 1999), yields nothing in a Westlaw search. Plaintiff's quotation

2

from *United States v. Diapulse Corp. of Am.*, 457 F.2d 25, 29 (2d Cir. 1972), does not appear in that case. Plaintiff's quotation in an explanatory parenthetical citing *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1310 (11th Cir. 1998), does not appear in that case. Defendant's list of quotations attributed to cases that do not contain them and propositions unsupported by the cited authorities goes on. (Doc. 19 at 7–8). The Court need not cite check each one to see the writing on the wall.

Mr. Castro's conduct is unprofessional, unacceptable, and guts his credibility with the Court. Rather than acknowledge or refute Defendant's allegations, Mr. Castro filed a Notice of Intent to File Amended Motion for Temporary Injunction. (Doc. 20). Therein, he withdraws the motion to "permit the filing of a renewed motion supported by revised representations, corrected citations, additional legal support, and evidentiary support[.]" (*Id.* at 1). He did not bother to explain what sources he relied on during his research or where he found the sham cases and quotations. *See Thomas v. Pangburn*, No. CV423-046, 2023 WL 9425765, at *4–5 (S.D. Ga. Oct. 6, 2023).

Every lawyer is an officer of the court and always has a duty of candor to the tribunal. *See Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808–09 (11th Cir. 2003) (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). "Citing imprecise, non-existent legal authority breaches [a litigant's] duty of candor." *United States v. Stephens*, No. 23-CIV-

3

80043, 2025 WL 2840746, at *3 (S.D. Fla. Aug. 7, 2025). Accordingly, Mr. Castro must show cause as to why he should not incur sanctions for his utter lack of professionalism and misrepresentation of legal authority to the Court. *See Sheets v. Presseller*, No. 2:24-CV-495-JLB-KCD, 2025 WL 770592, at *2, n.3 (M.D. Fla. Mar. 11, 2025) ("The imposition of sanctions against parties who submit fake citations is common.") (citing *Thomas*, 2023 WL 9425765, at *4–5).

Accordingly, it is now

**ORDERED:**

No later than **November 12, 2025**, Jason Castro is **ORDERED TO SHOW CAUSE** as to why he should not be sanctioned for his numerous misrepresentations of legal authority to the Court and why he should not pay Defendant's legal fees and costs incurred responding to the motion.

**DONE** and **ORDERED** in Fort Myers, Florida on November 6, 2025.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record