# EXHIBIT 1

# Stafford, Jody A.

| | |
|---|---|
| **From:** | Jason Castro, Esq <Jason@goldengatelegalcenter.com> |
| **Sent:** | Thursday, October 30, 2025 7:19 AM |
| **To:** | Stafford, Jody A. |
| **Cc:** | Lewis, Paul; Bergin, Kevin |
| **Subject:** | Re: Conferral on Motion for Sanctions - My Florida Green v. Leafwell |

⚠ EXTERNAL MESSAGE

Paul and Kevin,,

Maybe you want a real your associate back because as far as I'm concerned, she threatened sanctions twice. And maybe you should educate her about amending pleadings to correct any misrepresentations to the court.

At some point, I would like to talk to the attorney that actually has some authority in this case. Clearly, Jody is just throwing whatever at the wall and seeing what sticks.

Respectfully,

Jason K. Castro, Esq.

This message was sent from an iPhone device.
―――――――――――――――――
Law Offices of Jason K Castro. PLLC

THIS ELECTRONIC MAIL MESSAGE AND ANY ATTACHMENTS ARE INTENDED ONLY FOR THE USE OF THE ADDRESSEE(S) AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.  IF YOU ARE NOT AN INTENDED RECIPIENT, OR THE EMPLOYEE /AGENT RESPONSIBLE FOR DELIVERING THIS E-MAIL TO THE RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS PROHIBITED.  IF YOU RECEIVED THIS E-MAIL MESSAGE IN ERROR, PLEASE NOTIFY THE SENDER BY REPLYING TO THIS MESSAGE OR BY TELEPHONE AND DESTROY.  THANK YOU.

**P** *Think Green! PLEASE print this email only if absolutely necessary*

> On Oct 30, 2025, at 7:11 AM, Jason Castro, Esq <Jason@goldengatelegalcenter.com> wrote:

Jody,

What in the world makes you think I need your consent to amend a motion?

Nevertheless, I think you're walking back to your original statement. I think you absolutely 100% threatened sanctions to leverage your case.

Let's be clear, I don't need your consent to amend the motion. Especially in light of the OMMU correspondence that will be attached to my amended motion. And in light of your admissions that you made in your response. My amended motion for temporary protective order will be filed by end of week. And I'm not asking for your consent, because I don't need it.

Also, so you are aware, so far I noticed at least one authority use sighted that does not exist. Was that you or AI? No need to answer. It doesn't matter.

Respectfully,

Jason K. Castro, Esq.

This message was sent from an iPhone device.
_____
Law Offices of Jason K Castro. PLLC

THIS ELECTRONIC MAIL MESSAGE AND ANY ATTACHMENTS ARE INTENDED ONLY FOR THE USE OF THE ADDRESSEE(S) AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.  IF YOU ARE NOT AN INTENDED RECIPIENT, OR THE EMPLOYEE /AGENT RESPONSIBLE FOR DELIVERING THIS E-MAIL TO THE RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS PROHIBITED.  IF YOU RECEIVED THIS E-MAIL MESSAGE IN ERROR, PLEASE NOTIFY THE SENDER BY REPLYING TO THIS MESSAGE OR BY TELEPHONE AND DESTROY.  THANK YOU.

**P *Think Green! PLEASE print this email only if absolutely necessary***

> On Oct 29, 2025, at 1:24 PM, Stafford, Jody A. <Jody.Stafford@us.dlapiper.com> wrote:
>
> Jason:

Leafwell does not consent to MFG's filing a new "amended motion" for PI/TRO. Nor do we agree with your characterization of our meet and confer request. To be clear, citing fabricated and false cases is a violation of a number of rules. *See, e.g.*, *Byoplanet Int'l, LLC v. Johansson*, 2025 U.S. Dist. LEXIS 144449, at *18 (S.D. Fla. July 15, 2025). We are not seeking to "threat[en] sanctions as leverage to demand dismissal" here, as you assert. *See* Local Rule 3.01(g) (meet and confer obligation). We are simply contemplating sanctions consistent with what other courts have issued in similar cases, *see, e.g.*, *id.*; *Quezaire v. Technipower Inc.*, 2025 U.S. Dist. LEXIS 208947, at *26 (N.D. Ga. Oct. 23, 2025) (dismissal with prejudice).

Best,

**Jody A. Stafford**
Associate

| | |
|---|---|
| T  +1 305 702 8890 | **DLA Piper LLP (US)** |
| F  +1 305 675 5890 | 200 South Biscayne Boulevard |
| jody.stafford@us.dlapiper.com | Suite 2500 |
| | Miami, FL  33131-5341 |

<image001.png>

dlapiper.com

---

**From:** Jason Castro, Esq <Jason@goldengatelegalcenter.com>
**Sent:** Tuesday, October 28, 2025 10:50 PM
**To:** Stafford, Jody A. <Jody.Stafford@us.dlapiper.com>
**Cc:** Lewis, Paul <paul.lewis@us.dlapiper.com>; Bergin, Kevin <kevin.bergin@us.dlapiper.com>
**Subject:** Re: Conferral on Motion for Sanctions - My Florida Green v. Leafwell

⚠ EXTERNAL MESSAGE

Jody,

I've received your email. We will address the citation defects the professional way—on the docket.

Specifically, we are filing an Amended Motion that supersedes the prior filing and contains only verified, properly cited authority. If any additional housekeeping is appropriate, we will also file a short Notice of Errata. That is how competent counsel corrects a technical citation issue—by fixing it transparently for the Court—rather than turning it into rhetoric about "AI" or a vehicle for case-dispositive sanctions.

We will not stipulate to dismissal (with or without prejudice), nor to denial with prejudice. Your requested remedy is neither proportional nor legally supported for what is, at most, a curable

citation problem—particularly where we are promptly amending the paper.

If you intend to pursue sanctions, please serve a separate Rule 11 / §57.105 motion as required and observe the 21-day safe harbor. We are confident our amended filing will render any such motion moot. Threats of dismissal and bar referral in an email are unnecessary; a professional approach would have been a call or a brief note when you first spotted an issue. I hope you realize that now.

We will continue to focus on the merits and maintain civility. I expect the same standard going forward.

Respectfully,

Jason K. Castro, Esq.

This message was sent from an iPhone device.
_____
Law Offices of Jason K Castro. PLLC

THIS ELECTRONIC MAIL MESSAGE AND ANY ATTACHMENTS ARE INTENDED ONLY FOR THE USE OF THE ADDRESSEE(S) AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.  IF YOU ARE NOT AN INTENDED RECIPIENT, OR THE EMPLOYEE /AGENT RESPONSIBLE FOR DELIVERING THIS E-MAIL TO THE RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS PROHIBITED.  IF YOU RECEIVED THIS E-MAIL MESSAGE IN ERROR, PLEASE NOTIFY THE SENDER BY REPLYING TO THIS MESSAGE OR BY TELEPHONE AND DESTROY.  THANK YOU.

**P** *Think Green! PLEASE print this email only if absolutely necessary*

> On Oct 28, 2025, at 10:09 PM, Jason Castro, Esq <Jason@goldengatelegalcenter.com> wrote:

Jody,

Just to follow up, I wanted to add something.

Your last email confirms that Leafwell is using the threat of sanctions as leverage to demand dismissal with prejudice. That is not what Rule 11 was designed for, and using it that way is improper.

Rule 11(c)(2) is explicit: sanctions may be sought only by a separate motion served on the opposing party, followed by a 21-day safe-harbor period. You have not served any such motion. Instead, you threatened to pursue sanctions—including dismissal, attorney's fees, and a referral to the Bar—unless we concede the merits of our case. That is exactly the sort of misuse the rule forbids.

Threatening sanctions to obtain a litigation advantage also raises serious concerns under Rule 3.4(g) of the Rules of Professional Conduct, which prohibits threatening disciplinary or punitive action to coerce a party in civil litigation.

We welcome a substantive discussion on the facts—the unlawful kickbacks and privacy violations detailed in our filings. But if Leafwell prefers to posture with unfounded sanctions threats / games, rather than engage the merits, we'll respond accordingly before the Court. It's up to you how you want to spend your time.

Jason Castro

Get Outlook for iOS

---

**From:** Jason Castro, Esq <Jason@goldengatelegalcenter.com>
**Sent:** Tuesday, October 28, 2025 9:34:24 PM
**To:** Jody A. Stafford <Jody.Stafford@us.dlapiper.com>
**Cc:** Paul Lewis <paul.lewis@us.dlapiper.com>; Kevin Bergin <kevin.bergin@us.dlapiper.com>
**Subject:** Re: Conferral on Motion for Sanctions - My Florida Green v. Leafwell

Jody,

I received your email. If Leafwell truly intends to pursue sanctions, please serve a stand-alone Rule 11 motion so the 21-day safe-harbor period can run. An email or rhetoric in an opposition brief does not comply with Rule 11(c)(2).

Every citation and quotation in our TRO/PI papers was verified directly against the official reporters. I use AI tools only to assist with drafting and document organization—no different from Westlaw's Quick Check or Lexis's brief analyzer—but all legal analysis and final language are human-authored and attorney-verified.

Here is how I check my work:

1. Every case is pulled from Westlaw, opened in full text, and reviewed for context, accuracy, and proper pin cites.

2. Each quoted passage is compared word-for-word to the official reporter.

3. I then run Quick Check/KeyCite to confirm that every authority is valid and correctly characterized.

4. PDFs of all cited authorities are saved and cross-referenced in an Appendix of Authorities that can be filed at any time.

This is the same diligence expected of any lawyer, and it ensures complete accuracy in our filings. Nothing about that process is improper or sanctionable.

If you believe any particular citation or quotation is inaccurate, identify the case, page, and exact language you claim is wrong. So far, you've offered only broad accusations without a single example—which speaks for itself.

Frankly, what we're looking for is a substantive response to the facts in our motion: the dispensary-funded "free certification" events, the kickback arrangements, and the statutory violations. Your opposition does not deny those facts, which makes it appear Leafwell has no leg to stand on. Empty threats about "AI misuse" do nothing to change that reality.

We do not agree to the outcomes you propose, and don't bend to childish unsupported demands. Do your job and draft a proper response not a wish list.

Respectfully,

Jason K. Castro, Esq.

This message was sent from an iPhone device.
——————————————

Law Offices of Jason K Castro. PLLC

THIS ELECTRONIC MAIL MESSAGE AND ANY ATTACHMENTS ARE INTENDED ONLY FOR THE USE OF THE ADDRESSEE(S) AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW.  IF YOU ARE NOT AN INTENDED RECIPIENT, OR THE EMPLOYEE /AGENT RESPONSIBLE FOR DELIVERING THIS E-MAIL TO THE RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISSEMINATION, DISTRIBUTION OR COPYING OF THIS COMMUNICATION IS PROHIBITED.  IF YOU RECEIVED THIS E-MAIL MESSAGE IN ERROR, PLEASE NOTIFY THE SENDER BY REPLYING TO THIS MESSAGE OR BY TELEPHONE AND DESTROY.  THANK YOU.

**P *Think Green! PLEASE print this email only if absolutely necessary***

On Oct 28, 2025, at 7:09 PM, Stafford, Jody A. <Jody.Stafford@us.dlapiper.com> wrote:

Jason:

I'm writing to confer with MFG regarding Leafwell's forthcoming motion for sanctions. As you may have seen in Leafwell's opposition brief filed this evening, MFG's motion for TRO/PI includes citations to a multitude of fictitious, misquoted, and mischaracterized cases, consistent with the improper use of AI. We intend to seek: (1) monetary sanctions, including recovery of attorneys' fees, for having to respond to MFG's motion and for having to file the motion for sanctions; (2) denial with prejudice of MFG's motion for TRO/PI; and (3) dismissal of the lawsuit with prejudice. We also intend to ask the Court for sanctions as it deems fit, which, consistent with case law addressing similar issues, may include the court referring counsel to the Bar. Please advise whether MFG is willing to come to an agreement on any of the three points enumerated above. We look forward to your response.

Best,

## Jody A. Stafford
Associate

| | |
|---|---|
| T  +1 305 702 8890<br>F  +1 305 675 5890<br>jody.stafford@us.dlapiper.com | **DLA Piper LLP (US)**<br>200 South Biscayne Boulevard<br>Suite 2500<br>Miami, FL  33131-5341 |

<image001.png>                    dlapiper.com

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us directly, send to postmaster@dlapiper.com. Thank you.

The information contained in this email may be confidential and/or legally privileged. It has been sent for the sole use of the intended recipient(s). If the reader of this message is not an intended recipient, you are hereby notified that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please reply to the sender and destroy all copies of the message. To contact us

directly, send to postmaster@dlapiper.com. Thank you.