UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THE DOC APP, INC.

d/b/a MY FLORIDA GREEN,

    Plaintiff,

v.                        Case No. 2:25-cv-00838-SPC-NPM

LEAFWELL, INC.,

    Defendant.

_____/

## RESPONSE TO ORDER TO SHOW CAUSE

### (with Conditional Request for Fees Under Rule 11(c)(2))

**COMES NOW**, Plaintiff's counsel, Jason K. Castro, respectfully submits this Response to the Court's Order to Show Cause (Doc. 25).

**I own what is mine:** two citation-formatting errors and two paraphrases that kept quotation marks. **None** of the authorities were fabricated; each exists. The challenged cases are referenced herein as **Exhibits A, B, C, and D.** Defendant nevertheless escalated—threatening bar referral and insisting on **dismissal with prejudice**—without verification or conferral. That **performative escalation**

created this avoidable OSC and diverted the parties and the Court from the merits. The OSC should be discharged, and counsel should be required to verify and confer before pressing charges of professional misconduct.

No ambiguity exists, as I respectfully and emphatically state: **The suggestion of attorney Jody A. Stafford that I fabricated legal authority is false. Every case cited in Plaintiff's motion exists. The accusations made by opposing counsel in her response to the motion were incorrect on multiple fronts, and her failure to confer or clarify any of these issues prior to making such serious allegations reflects a lack of professionalism and candor to the Court.**

Moreover, Leafwell's filings openly concede an **interdependence**, thereby confirming a violation of § 381.986(3)(b)'s letter and spirit. This position is supported in detail by the Plaintiff's Memorandum In Support Of Plaintiff's Response to Order to Show Cause and Request for Attorney Fees. See. Exhibit E. Moreover, Florida regulators have made clear that such entanglements are not allowed in the state's medical cannabis program, a point reinforced by an Office of Medical Marijuana Use (OMMU) communication in the record. (See. **Exhibit F**)

Therefore, in **RESPONSE** to the allegations and the OSC, undersigned counsel states and requests the following:

1. **Allegation:**    That two cases were completely fabricated cases.

   **Court's Concern**:   The OSC identifies *Henson v. Allison Transmission* and *State Farm v. Pressley* as non-existent based on Defendant's allegations.

   **Response:**

   First, *Henson v. Allison Transmission* <u>**exists.**</u> The correct citation is *Henson v. Allison Transmission, No*. 07-80382-CIV, 2008 WL 239153, (S.D. Fla. Jan. 28, 2008). This case comes out of the United States District Court, S.D. Florida. No. 07-80382-CIV. While the citation error is regrettable, **it is not a fabrication**. See, **Exhibit A.**

   Second, *State Farm Mut. Auto. Ins. Co. v. Pressley* <u>**also exists**</u>. The correct citation is 28 So. 3d 105 (Fla. 1st DCA 2010). Opposing counsel asserted it "yields nothing," which she could have resolved simply by asking me if I made a mistake on the citations. But she didn't. To be clear, the problem was a **miscitation** in the original motion: it listed *State Farm Mut. Auto. Ins. Co. v. Pressley*, with a volume/page/jurisdiction/date combination that doesn't correspond to any reported decision, which made it appear nonexistent. <u>**The intended case is real and published:** *State Farm Mut. Auto. Ins. Co. v. Pressley*, **28 So. 3d 105 (Fla. 1st DCA 2010) (parallel cites sometimes shown as 2010 WL 90407; 2010 Fla. App.**</u>

**LEXIS 125).** The citation error was clerical, not substantive. Pressley supports the proposition for which it was cited, and a true copy is referenced as **Exhibit B.**

<u>*So, there is no ambiguity, undersigned counsel represents that neither case was fabricated*</u>**.** Both are verifiable and relevant**.** Opposing counsel either failed to perform basic legal research or chose not to. In either event, she misled the Court.

  **2. Allegation:**  Quotes Not Found in Cases

  **Court's Concern:**  The OSC, echoing Defendant's assertions, says that some quotations do not appear in the cited cases.

  **Response:**

**Re:** *U.S. v. Diapulse Corp.*, **457 F.2d 25 (2d Cir. 1972):** The motion paraphrased the legal principle that one cannot have a vested interest in illegal conduct. The language quoted in the motion was: "He can have no vested interest in a business activity found to be illegal." The motion paraphrased the principle reflected in *Diapulse*, which—citing the Seventh Circuit—states that a violator 'can have no vested interest in a business activity found to be illegal'; my error was using quotation marks around a paraphrase without pinpoint attribution. The actual text reads: "There is no unfairness in enjoining one from doing what the law does not allow him to do. […] The manufacturer of a misbranded product is entitled to

no consideration in equity." (Id. at 29–30). The idea conveyed is legally accurate, but I concede that quotation marks should not have been used. That was a drafting error. I *inadvertently* filed an early draft that did not remove quotation marks after converting direct quotes to paraphrases. **Exhibit C.**

**Re:** *McDonald's Corp. v. Robertson*, **147 F.3d 1301 (11th Cir. 1998)**: The motion cited the statement: "An injunction that requires compliance with existing legal obligations does not impose cognizable hardship." That precise sentence does not appear in the decision. The Eleventh Circuit, however, stated: "Defendants were contractually obligated to cease holding themselves out as McDonald's franchisees and to turn over all proprietary information. […] The district court merely required them to do what they had already agreed to do." (Id. at 1310). Again, quotation marks were mistakenly used to frame a paraphrased legal principle. **Exhibit D.**

These were formatting errors—**not misrepresentations**. The quoted language summarized the holdings *accurately*. And again, opposing counsel did not inquire, confer, or give an opportunity to clarify.

**3. Allegation:**    Citing Cases for Propositions They Don't Support

**Court Concern:**    Citations allegedly do not support the legal principles it represents.

**Response:**

Undersigned counsel asserts that each case cited in the motion for injunctive relief was **relevant and appropriate for the legal principle it supported**:

- *PNR, Inc. v. Beacon Property Mgmt., Inc.*, 842 So. 2d 773 (Fla. 2003): Cited for the standard that a deceptive or unfair trade practice need not violate another law to be actionable under FDUTPA. That is directly drawn from the Florida Supreme Court's holding.

- *Chanel, Inc. v. Italian Activewear of Fla., Inc.*, 931 F.2d 1472 (11th Cir. 1991): Cited for the proposition that irreparable harm and public interest are presumed in trademark enforcement, including consumer protection contexts. The Eleventh Circuit affirmed injunctive relief based on consumer deception.

- *Wreal, LLC v. Amazon.com, Inc.*, 840 F.3d 1244 (11th Cir. 2016): Cited for the urgency and equitable nature of injunctive relief. The court emphasized that preliminary injunctions are meant to prevent ongoing irreparable harm before final adjudication.

- *BellSouth Telecomms., Inc. v. MCIMetro Access Transmission Servs., LLC*, 425 F.3d 964 (11th Cir. 2005): Cited for the Eleventh Circuit's recognition that loss of customers and goodwill constitutes irreparable harm—a cornerstone of TRO analysis.

- ***Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242 (11th Cir. 2002):** Used for its articulation of harm caused by unauthorized business practices in regulated markets and the court's willingness to uphold injunctive relief in that context.

- ***Temple Univ. v. White,* 941 F.2d 201 (3d Cir. 1991):** Cited to show that a court may waive bond requirements for injunctions in the public interest. This principle directly supports Plaintiff's position that the public harm outweighs the need for a Rule 65(c) bond.

Each of these cases is published, citable precedent that supports the legal proposition presented. Opposing counsel's assertion that they are irrelevant or inapplicable is legally baseless.

4. **Citation Mapping Error:** *Henson v. Allison Transmission*

   **Court's Concern:**   Citation error led to a completely unrelated case.

   **Response:**

The citation originally provided misidentified the court and year, causing Westlaw to display an unrelated case from New York. However, the *Henson v. Allison Transmission* case I intended to cite is real and directly relevant. It stands for the proposition that a party may pursue injunctive relief when continued harm

to its business and customer base is likely without court intervention. It discusses the court's authority to act where equity demands it, even in early stages of litigation. The citation error was clerical—not substantive. A copy of this case is incorporated hereto as **Exhibit A**.

### 5. Failure to Explain Sources or Address "Sham" Citations

**Courts Concern:** That I did not address the allegations of misconduct alleged by the defendant in their Response.

**Response:**

The implication that I failed to explain the basis for the disputed citations presupposes misconduct. **There is no misconduct to explain or address**. The two citation errors involved real cases. The rest of the citations were entirely legitimate and supported by published case law. The Court's concern, understandably heightened by Defendant's claims, was based on what now clearly appears to be a mischaracterization of the record. A clear result of a failure to meet and confer prior to making allegations of misconduct against a fellow member of the bar.

**'Troubling'** is the word I think that best describes the conduct of opposing counsel, who accused me of fabricating case law without once attempting to contact me or resolve the issue informally. This failure to confer, especially after I included a direct invitation to confer on whether Defendant's conduct violates

Florida law, is not just an oversight—it reflects a deliberate strategy to escalate rather than resolve. Defendant's counsel chose accusation over collaboration and invited the Court to "see the writing on the wall" when there was none. That alone warrants scrutiny. When the law and facts won't cooperate, some litigants pivot to litigating the lawyer and staging a sanctions sideshow.

### 6. Response To The "Deceptive" Characterization

Plaintiff's Notice of Intent to Amend (Doc. 20) did exactly what it promised: correct two citation-formatting errors, remove quotation marks from two paraphrases, and add supporting authority. That is transparent housekeeping, not evasion. Defendant's filing was overly presumptive—treating an inability to locate authorities as proof they did not exist, grading the brief like a seminar exercise, and leaping to "lack of candor" accusations. That is not how the practice of law is supposed to work; verification and conferral come before accusations. The cases exist, the corrections were underway, and the record reflects prompt remediation. Calling that "deceptive" is **baseless**.

### 7. Defense Counsel's Misstatements and Ethical Obligations Implicated

Defendant's sanctions request is, candidly, an exercise in projection. Mistakes in citation or phrasing can occur; when they do, the duty is candor and prompt correction so the record and the interests of justice are maintained. What is not acceptable is leaping from an inability to locate a case to an accusation that the

case does not exist, then grafting on bar-referral threats and demands for dismissal with prejudice. That rush to judgment says more about process than principle. If counsel wishes to grade drafts like a seminar instructor, the syllabus still starts with verification and conferral. That she failed to do in its entirety. Beyond that, the following are a few of the misstatements, bad citations, and/or overstatements I credit to the opposing counsel (non-exhaustive):

A. **"Nonexistent" cases that exist.** Defense counsel told the Court that two of Plaintiff's authorities do not exist. Both do and are attached: (i) *Henson v. Allison Transmission*, No. 07-80382-CIV, 2008 WL 239153 (S.D. Fla. Jan. 28, 2008) (**Ex. A**); and (ii) *State Farm Mut. Auto. Ins. Co. v. Pressley*, 28 So. 3d 105 (Fla. 1st DCA 2010) **(Ex. B)**.

B. **Incomplete Eleventh Circuit citation.** Defense cited *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, "F.3d 1242" without a volume. The correct citation is **299 F.3d 1242** (11th Cir. 2002). Cite-checking should be even-handed, especially when alleging fabrication. If not for my own research, I may have thought this case to not exist. However, like a professional, I would have called the opposing counsel to seek clarification.

C. **Overstatement of "fake quotes."** Plaintiff's motion paraphrased two holdings but mistakenly kept quotation marks. The principles are in the opinions and are now pinned precisely (Exs. C–D). Branding them "fake"

    mischaracterizes the error. The correct term is "misquoted." The representation of law is a valid paraphrase of quoted text as illustrated above.

D. **Chronology problem.** Any suggestion that *Four Seasons* "quoted" *BellSouth* is facially incorrect; *BellSouth* (2005) post-dates *Four Seasons* (2003). The issue is attribution precision, not invention.

E. **No conferral before accusing misconduct.** Plaintiff invited conferral under Local Rule 3.01(g) and expressly sought Defendant's position on legality. Defense skipped verification and conferral, opting instead for accusations of fabrication, bar-referral rhetoric, and a request for dismissal with prejudice.

Based on the above, the following ethical duties may be implicated by **Defendant's counsel** (Fla. R. Prof. Conduct):

- **Rule 4-3.3 (Candor to the tribunal):** Do not make false statements of law or fail to correct them. Declaring published decisions "nonexistent" without reasonable inquiry falls short.

- **Rules 4-3.1 & 4-3.4 (Meritorious contentions; fairness):** Allegations of fabrication warrant pre-filing verification and conferral; performance should not substitute for diligence.

- **Rule 4-1.2(d) (No assisting criminal or fraudulent conduct):** Plaintiff raised statutory prohibitions (e.g., § 817.505). **(See. Exhibit E & F)** Whatever the debate over private rights of action, counsel has a duty not to facilitate conduct that violates criminal statutes; the correct professional response is to advise cessation, not to bury the issue beneath unfounded attacks.

The OSC rests on Defendant's claim of "fabricated cases." That premise is wrong. The two authorities labeled "nonexistent" (*Henson* and *Pressley*) exist, while at least one of Defendant's own citations was incomplete. Going forward, I will continue to do what Ms. Stafford should have done at the outset: verify and confer rather than escalate with professional-misconduct rhetoric. To be clear, Plaintiff does not accuse Defense of intentional deceit or AI misuse; the problem was a hasty, assumptive process ill-suited to an accusation this serious.

If the Court believes corrective guidance is appropriate, parity is warranted: at minimum, an admonition to verify and confer before lodging misconduct allegations and a direction that future citations be certified against primary sources.

## 8. Defendant's Process Failure Created This Avoidable OSC

Rather than verify the authorities or confer as invited, Defendant advanced a "fabrication" narrative, coupled with bar-referral threats and a demand for

dismissal with prejudice. The harm from that choice is on the docket: the Court is adjudicating an OSC and Plaintiff has expended resources responding—time that should have gone to the merits. Plaintiff has now voluntarily dismissed without prejudice under Rule 41(a)(1)(A)(i); the Court may note the dismissal and the reasons stated in the Notice and confirm that no operative paper remains pending.

## CONCLUSION AND REQUESTED RELIEF

**WHEREFORE**, a finding is requested that makes clear that every authority in the original motion exists. The problems were two citation-formatting errors and two paraphrases that mistakenly retained quotation marks—*nothing was fabricated*. The harm from Defendant's overreach is plain: the mere fact that the Court is now adjudicating an OSC, and that Plaintiff must prepare this Response, reflects time and resources diverted by an accusation that would have been avoided had counsel verified and conferred.

This detour prejudices Plaintiff, delays merits adjudication, and needlessly burdens the Court. The OSC should be discharged, and counsel should be directed to verify and confer before lodging accusations of misconduct. Accordingly, Plaintiff respectfully requests that the Court:

1. Discharge the Order to Show Cause.

2. Deny sanctions as to Plaintiff or undersigned counsel; or, if the Court deems corrective action warranted for Plaintiff's citation mistakes, issue reciprocal admonitions directing both sides to (i) verify authorities against primary sources before alleging misconduct and (ii) comply with conferral obligations before filing accusatory papers. A reciprocal admonition best serves candor, judicial economy, and orderly case management—particularly where Defendant's bar-referral rhetoric and demand for dismissal with prejudice were premised on an unverified assertion that cited cases "did not exist."

3. Conditionally award Plaintiff its reasonable fees and expenses incurred responding to the OSC and to Defendant's fabrication allegations under Rule 11(c)(2) and/or the Court's inherent authority, if the Court finds those allegations lacked a reasonable pre-filing inquiry.

4. Enter an order discharging the OSC that expressly states: (a) the Court makes no finding of fabrication or bad faith; (b) the issues identified were citation-formatting and quotation-mark errors that have been corrected; and (c) the Court declines to impose sanctions. This clarification avoids any implication that the OSC reflects on counsel's candor or professional reputation.

5. If the Court harbors any remaining concerns about undersigned counsel's conduct, Plaintiff respectfully requests clear guidance identifying the specific issue so it can be addressed immediately. **<u>Plaintiff maintains that the citation and quotation issues were professionally remedied—without judicial intervention—before the OSC issued</u>**. Undersigned stands ready to confer, to submit a short supplemental certification of corrective measures, or to appear for a brief status conference should the Court deem further clarification useful. However, it is requested that in the Court's order it be noted that Plaintiff voluntarily dismissed this action without prejudice, for the reasons set forth in the concurrently filed Notice of Voluntary Dismissal, and that no operative motion or other paper remains pending for decision.[1]

---

[1] This clarification ensures the docket accurately reflects that—both now and when the OSC issued—no operative motion remained for decision. Plaintiff withdrew the original motion upon learning of the citation issues. Defendant did not confer and instead filed a response; by the time the OSC entered, the challenged motion had already been withdrawn. In short, the OSC addressed a paper that was no longer operative. While the Court retains discretion to address conduct notwithstanding withdrawal, the more efficient course is to discharge the OSC as moot in light of the corrections made. Contemporaneous with this response, and prior to any ruling on the OSC, Plaintiff has voluntarily dismissed this action without prejudice under Rule 41(a)(1)(A)(i) and noticed the intent to refile in Florida state court joining the responsible dispensaries and medical providers as defendants.

## CERTIFICATION

Undersigned certifies that all authorities cited herein were verified against primary sources and that counsel will confer before raising any allegation of misconduct going forward.

Respectfully submitted this **10th day of November, 2025.**

*/s/ Jason K. Castro*
Jason K. Castro, Esq. (FBN 118604)
**Law Office of Jason K. Castro, PLLC**
625 Quincy Lane, Wexford, PA 15090
Tel: (718) 702-5540
Email: jason@goldengatelegalcenter.com
Service: CastroLaw.Service@gmail.com

**Counsel for Plaintiff Doc App, Inc. d/b/a My Florida Green**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 10, 2025, I electronically filed the foregoing **Plaintiff's RESPONSE TO ORDER TO SHOW CAUSE (with Conditional Request for Fees Under Rule 11(c)(2))** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered to receive electronic service in this case.

## LOCAL RULE 3.01(G) CERTIFICATION

I, Jason K. Castro, declare as follows: I am counsel for Plaintiff. I make this declaration based on my personal knowledge.

*/s/ Jason K. Castro*
Jason K. Castro, Esq. (FBN 118604)
**Law Office of Jason K. Castro, PLLC**

Dated: November 10, 2025