UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

The Doc App, Inc. d/b/a My Florida Green,
a Florida corporation
    *Plaintiff*,

v.                                                                       Case No.: 2:25-CV-838-SPC-NPM

Leafwell, Inc.,
a Delaware corporation,
    *Defendant.*
_____

### DEFENDANT'S MOTION FOR LEAVE TO FILE REPLY BRIEF AND ALSO TO BROADEN ITS PRIOR REQUEST FOR SANCTIONS

Defendant Leafwell, Inc. ("Leafwell"), pursuant to L.R. 3.01(e), hereby requests leave to file a response/reply (of no more than seven pages) to Plaintiff the Doc App, Inc. d/b/a My Florida Green's ("MFG") Response to Order to Show Cause (D.E. 30). Leafwell also requests leave of court to broaden its request from within its previously-filed Motion for Sanctions (D.E. 26) – to include a request for *all* fees incurred in this case as a whole, based on MFG's recent conduct including (but not limited to) its attempt to evade sanctions by purporting to voluntarily dismiss the whole action before this Court (D.E. 31). In support thereof, Leafwell states as follows:

On November 6, 2025, this Court entered an Order to Show Cause ("OSC") requiring MFG's counsel, to show cause "as to why he should not incur sanctions for his utter lack of professionalism and misrepresentation of legal authority to the Court" with respect to twelve instances of false or fictious case citations in MFG's motion for TRO/PI. D.E. 25 at 3. The same day, Leafwell filed a motion for sanctions, seeking sanctions – including dismissal with prejudice – as a result of MFG's misconduct

1

related to, and arising from, the submission of false or fictitious citations. D.E. 26.[1]

On November 10, 2025, MFG filed its Response to the OSC (D.E. 30, the "Response"), which, unsurprisingly—like its motion for TRO/PI and verified amended complaint—bears the same hallmarks of AI-generated work-product. MFG's Response is also rife with even more falsehoods and misrepresentations to the Court. The following examples illustrate MFG's continued misconduct in bad faith:

First, Mr. Castro is remarkably doubling down on his use of fabricated case law, claiming his misconduct is simply the result of "citation-formatting errors" and that the two hallucinated cases do exist and do support MFG's assertions. D.E. 30 at 1, 3–4. All of this is false. *See* D.E. 26 at 2–4.[2]

Next, MFG continues to include "quotations" to case law that do not appear within the text of the cited case. This complete disregard for representations made to the Court is cause for extreme concern and only underscores the need for severe sanctions. MFG purports to quote *U.S. v. Diapulse Corp.*, 457 F.2d 25 (2d Cir. 1972) and *McDonald's Corp. v. Robertson*, 147 F.3d 1301 (11th Cir. 1998). D.E. 30 at 4–5. But once again, the purported quotations do not appear in those cases.[3] MFG also claims

---

[1] Leafwell further pointed out that MFG's amended complaint, *which is verified under penalty of perjury*, appears to suffer from many of the same AI-misuse infirmities identified in MFG's motion for TRO/PI. *See* D.E. 26 at 11–12, 23–25.

[2] MFG claims that "Henson v. Allison Transmission, No. 07-80382-CIV, 2008 LX 96482, at *1, 2008 WL 239153 (S.D. Fla. Jan. 28, 2008)," which MFG apparently *meant* to cite in its motion for TRO/PI, is "real and directly relevant. It stands for the proposition that a party may pursue injunctive relief when continued harm to its business and customer base is likely without court intervention." D.E. 30 at 7–8. *But that case does not concern injunctive relief whatsoever. See* D.E. 27 at 2.

[3] MFG did not respond to the fact that *Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc.*, 299 F.3d 1242, 1247 (11th Cir. 2002) and *Four Seasons Hotel & Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1211 (11th Cir. 2003) do not contain the quotes MFG claimed they did. *See* D.E. 26 at 5;

that the "language quoted in the motion" as to these two cases was something that in reality was *not* quoted in the motion. *Compare* D.E. 30 at 4–5, *with* D.E. 17 at 17.

MFG also claims that Leafwell's counsel "threatened bar referral" and "demanded dismissal." D.E. 30 at 1, 10, 12. This is false.[4]

Also on November 10, 2025, MFG filed a Notice of Dismissal without Prejudice, in which MFG states it will be refiling its case in Florida state court and adding Florida defendants. D.E. 31. MFG's voluntary dismissal is, admittedly, a clear attempt to evade sanctions. D.E. 30 at 15. **Even if this case were properly dismissed, federal courts have jurisdiction over ancillary issues such as sanctions.** *See, e.g.*, *U.S. ex rel. Doe*, No: 8:15-cv-1043-KKM-JSS, 2021 U.S. Dist. LEXIS 226086, at *8 (M.D. Fla. Nov. 23, 2021), *R&R adopted*, 2021 U.S. Dist. LEXIS 238080 (M.D. Fla. Dec. 13, 2021); *Managed Care Advisory Grp., LLC v. CIGNA Healthcare, Inc.*, 939 F.3d 1145, 1156 (11th Cir. 2019). Further, MFG is engaging in fraudulent joinder in an effort to stay out of this Court, in which his credibility is deservedly "gut[ted]." *See* D.E. 25 at 3; *Henderson v. Wash. Nat'l Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).

The Response as a whole makes clear that MFG and its chosen Counsel, Mr. Castro, fail to take responsibility for their misconduct – both to this Court, and also to Leafwell directly. Instead, they are actively attempting to evade sanctions and deflect with attacks on Leafwell's counsel.

---

D.E. 30 at 7, 11. MFG also fails to meaningfully respond to the fact that it cited certain cases for propositions that the cases do not support. D.E. 30 at 6–7; D.E. 26 at 6–7.

[4]   Moreover, throughout the Response, Mr. Castro blames his own misconduct on Ms. Stafford for not "conferring" and notifying him of his own misrepresentations.

3

**WHEREFORE**, Leafwell respectfully requests leave to file a reply to MFG's Response to the OSC (D.E. 30) to clarify additional misrepresentations, as well as leave to broaden the relief sought in Leafwell's Motion for Sanctions (D.E. 26) to include all fees incurred in this case as a whole (due to MFG's continued misconduct and attempted voluntary dismissal).

## LOCAL RULE 3.01(g) CERTIFICATION

The undersigned certifies that on November 11, 2025, MFG's counsel, Mr. Castro, advised that: "There is no case open for you to file anything in. The effect of a voluntary dismissal is immediate. You could do whatever you want in relation to the order to show cause." Appearing to recognize the Court's "collateral jurisdiction" after being informed of such by the undersigned, Mr. Castro later asked to get on a "15-minute call or zoom. If you won't participate after reasonable efforts, I'll certify non-participation in accordance with 3.01(g)." The parties then scheduled a call for 4:30pm on November 11, during which (and contemporaneous emails show), Mr. Castro insisted that he would not confer on the relief sought herein and hung up the phone. Less than an hour later, Mr. Castro emailed the undersigned asking to "schedule a meeting to discuss your concerns. Please inform me of your availability." The undersigned proposed a call to occur immediately or later that evening. As of the time of this filing, Mr. Castro never responded, and, in any event, it is clear that Mr. Castro is attempting to manufacture some sort of basis for the Court to deny this Motion for lack of conferral. Accordingly, Leafwell has diligently sought to confer in good faith under Local Rule 3.01(g).

Dated: November 11, 2025

Respectfully submitted,

**DLA PIPER LLP (US)**

*/s/ Jody A. Stafford*
Jody A. Stafford, Esq.
Florida Bar Number: 1015797
jody.stafford@us.dlapiper.com
DLA PIPER LLP (US)
200 South Biscayne Boulevard
Suite 2500
Miami, Florida 33131
Telephone: (305) 702-8890

Paul B. Lewis, Esq.
Admitted *pro hac vice*
paul.lewis@us.dlapiper.com
Kevin M. Bergin, Esq.
Admitted *pro hac vice*
kevin.bergin@us.dlapiper.com
DLA PIPER LLP (US)
33 Arch Street, 26th Floor
Boston, MA 02110
Telephone: (617) 406-6000

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via CM/ECF on this 11th day of November, 2025, to all counsel of record.

*/s/ Jody A. Stafford*
Jody A. Stafford, Esq.