IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

THE DOC APP, INC. d/b/a
MY FLORIDA GREEN,

   Plaintiff,

v.                         Case No.: 2:25-cv-00838-SPC-NPM

LEAFWELL, INC.,

   Defendant.

_____/

**NON-PARTY JASON K. CASTRO, ESQ.'S MOTION TO STRIKE DEFENDANT LEAFWELL, INC.'S MOTION FOR ATTORNEY FEES (DOC. 45), OR, IN THE ALTERNATIVE, TO DENY THE MOTION, BASED ON LACK OF SUBJECT-MATTER JURISDICTION AND WRONGFUL REMOVAL, WITH INCORPORATED REQUEST FOR JUDICIAL NOTICE**

**COMES NOW Non-Party Jason K. Castro, Esq.**, appearing in his capacity as the subject of the attorneys' fees sought in Defendant Leafwell, Inc.'s Motion for Attorney Fees (Doc. 45), and respectfully moves to strike that motion, or, in the alternative, to deny it, based on the Court's lack of subject-matter jurisdiction at the time of removal and Defendant's resulting wrongful removal of this action.

1

## I.    INTRODUCTION

This motion does **not** seek reconsideration of the Court's November 26, 2025 Order (Doc. 37), nor does it ask the Court to revisit the sanctions previously imposed. Rather, it raises a **non-waivable jurisdictional defect** that goes to the Court's authority to entertain Defendant's fee request at all and to rely on the sworn factual assertions submitted in support of that request.

Because subject-matter jurisdiction may be raised at any time, and because Defendant's Motion for Attorney Fees rests on misstatements and omissions concerning the parties' citizenship and diversity at the time of removal, the motion must be stricken or denied as a matter of law.

## II.    JURISDICTION AND STANDING

The Court retains limited jurisdiction to assess its own subject-matter jurisdiction and to determine whether fees are recoverable following removal. Subject-matter jurisdiction may be raised at any time, including after dismissal, and cannot be waived.

The sanctions and fees sought in Doc. 45 are imposed against Non-Party Jason K. Castro, Esq. Mr. Castro therefore has standing to challenge both the jurisdictional predicate for the removal and the legal basis for the fees requested.

### III.   INCORPORATED REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201, Mr. Castro respectfully requests that the Court take judicial notice of:

1. **Florida Division of Corporations ("Sunbiz") records for Leafwell, Inc.**, including its current principal place of business and officer listings; **Dated February 9, 2026. (Exhibit A)**

2. **Florida Division of Corporations ("Sunbiz") records for Leafwell, Inc.**, including its principal place of business and officer listings at the time of removal; **Dated February 12, 2025. (Exhibit B)**

3. **Sunbiz records for The Doc App, Inc.**, establishing Florida citizenship; **Dated February 10, 2026**. **(Exhibit C)**

4. **Sunbiz records for The Doc App, Inc.**, establishing Florida citizenship listings at the time of removal; **Dated February 12, 2025**. **(Exhibit D)**

These public records are not subject to reasonable dispute, were signed under penalty of perjury by both parties, and bear directly on diversity jurisdiction at the time of removal.

## IV.   ARGUMENT

### A. Diversity Jurisdiction Was Lacking at the Time of Removal

Federal diversity jurisdiction requires **complete diversity** between plaintiffs and defendants. A corporation is a citizen of both:

1. its state of incorporation, and

2. its **principal place of business**—the "nerve center" where corporate control is exercised.

At the time Leafwell removed this action, both Plaintiff The Doc App, Inc. and Defendant Leafwell, Inc. were citizens of **Florida**.

Judicially noticeable Sunbiz records establish that Leafwell maintained its principal place of business in Florida at the time of removal. Those facts destroy complete diversity and deprive this Court of subject-matter jurisdiction.

Because jurisdiction is assessed **at the moment of removal**, subsequent characterizations or litigation conduct cannot cure the defect.

## II. The Lewis Declaration Omits and Misstates Material Jurisdictional Facts

*(Declaration ¶¶ 2–4)*

Leafwell's Motion for Attorney Fees relies on the Declaration of Paul Lewis, Esq. (Doc. 45-1). In **paragraphs 2 through 4**, the declaration makes sworn factual assertions concerning Leafwell's corporate status and the procedural history of removal, while **omitting facts essential to establishing diversity jurisdiction**. Specifically:

- **Paragraph 2** identifies Leafwell only as a corporate entity represented by counsel, without disclosing its principal place of business;
- **Paragraph 4** affirmatively represents that Leafwell removed this action to federal court, yet **fails to disclose any facts establishing Leafwell's "nerve center" or principal place of business at the time of removal**; and
- **Paragraphs 2–4**, taken together, rely on the characterization of Leafwell as a "Delaware corporation" while omitting the additional—and jurisdictionally required—citizenship inquiry mandated by 28 U.S.C. § 1332(c)(1).

These omissions are not collateral. For purposes of diversity jurisdiction, a corporation is a citizen of **both** its state of incorporation and its principal place of business. A sworn declaration that discusses removal and fee entitlement, yet fails

to disclose facts necessary to determine corporate citizenship, **cannot support a fee request premised on federal jurisdiction**.

A declaration submitted under penalty of perjury that obscures or omits jurisdictional facts material to removal is insufficient as a matter of law and cannot be relied upon to support an award of attorneys' fees.

### III. Attorneys' Fees Are Not Recoverable Where Removal Was Wrongful

Where removal is improper due to lack of subject-matter jurisdiction, courts may deny or strike requests for attorneys' fees premised on litigation conduct in the improperly chosen forum.

While courts retain authority to address collateral matters, that authority does not extend to awarding fees grounded in a jurisdictional fiction. A party cannot profit from wrongful removal by shifting fees that would not have been incurred had the case remained in the proper forum.

At minimum, the Court must resolve the jurisdictional defect before entertaining any request for attorneys' fees.

## IV. The Appropriate Remedy Is to Strike or Deny the Fee Motion

This motion does not seek to relitigate sanctions or assign fault. It asks the Court to perform a threshold obligation: confirm subject-matter jurisdiction before awarding fees.

Because Leafwell has failed to establish diversity jurisdiction—and because its fee motion relies on sworn declarations that misstate or omit jurisdictional facts—the Motion for Attorney Fees should be stricken or denied.

## REQUEST FOR RELIEF

Non-Party Jason K. Castro, Esq. respectfully requests that the Court:

1. **Take judicial notice** of the corporate records establishing the parties' citizenship;

2. **Determine that diversity jurisdiction was lacking at the time of removal**;

3. **Strike Defendant Leafwell, Inc.'s Motion for Attorney Fees (Doc. 45)**;

4. **Alternatively, deny the motion without prejudice** pending a correct jurisdictional showing; and

5. Grant such other and further relief as the Court deems just and proper.

Dated: February 10, 2026        Respectfully submitted,

*/s/ Jason K. Castro*
Jason K. Castro, Esq. (Fla. Bar No. 118604)
Law Office of Jason K. Castro, PLLC
625 Wexford PA 15090
(718)702-5540
Service: CastroLaw.Service@gmail.com
Email: jason@GoldenGateLegalCenter.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 10, 2026, I filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice to all counsel of record.

Respectfully submitted,

*/s/ Jason K. Castro*
Jason K. Castro, Esq. (Fla. Bar No. 118604)