UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

THE DOC APP, INC,
Plaintiff,

v. 2:25-cv-838-SPC-NPM

LEAFWELL, INC.,
Defendant.

---

# ORDER

Entirely on our own initiative, we found it appropriate to sanction plaintiff counsel Jason Castro under Rule 11 for his reckless and unrepentant use of AI. (Doc. 37). In particular, he filed a motion that contained fabricated citations, citations that do not contain quoted language, and citations that do not relate to the purported proposition. (Doc. 37 at 7). And instead of taking full ownership of his error, he attempted to convince us that he merely made clerical mistakes.

To compensate the opposing party for the waste of time associated with ferreting this out, and to otherwise deter this conduct, we directed Castro to attend a CLE[1] concerning legal ethics and artificial intelligence; referred him to the Florida Bar for appropriate discipline; required that he furnish a copy of the sanctions order to his client; further required that he file the sanctions order in any future case in this district for the next two years; and ordered him to reimburse defendant Leafwell for

---

[1] We subsequently allowed him to attend the CLE either near his office in Pennsylvania or by remote means. (Doc. 46 at 6).

the attorney fees it incurred related to "responding to the Motion for TRO." (Doc. 37 at 13–15).

For the fee sanction, the parties were directed to make a good faith attempt to resolve the amount and to apprise us of any dispute. But Leafwell and its counsel chose instead to simply make the situation worse. Turning a blind eye to the fact that all of its piling on was denied as moot (a motion for sanctions, a motion for leave to reply to Castro's response to our order to show cause, and a request for oral argument), Leafwell and its counsel cast aside the obligations imposed by 28 U.S.C. § 1927, Rules 1 and 11, and the Civil Action Order (Doc. 5, §§ 11 & 13); ignored the directive in the sanctions order to simply file a notice advising of any hourly-rate or amount-of-hours dispute (Doc. 37 at 14); and filed an 83-page submission seeking $215,401.60 in fees! (Doc. 45). They're lucky we don't require them to reimburse Castro for responding to it.

As tempting as it might be to zero out the fee award (and justifiably so), we stay the course on which we embarked at our own choosing.[2] Leafwell filed a twenty-page memorandum in response to the TRO motion. Six of its forty-seven paragraphs were devoted to discussing the fictitious citations; the rest (including six footnotes) responded to the substance of the motion and would have been prepared

[2] Pursuant to 28 U.S.C. § 636(b)(1)(A), setting the dollar amount of the Rule 11 sanction is referred to the assigned magistrate judge for resolution.

and filed regardless. Setting aside redacted entries, as we must, defense counsel's timesheets report that 111.8 hours were devoted to preparing the memorandum. While it may be at the outer bound, this amount of time is within the realm of reasonable. Considering the number of fictitious citations and the work required to verify them, we apportion 16.8 hours of the work to that effort. The court is an expert on the current market rates for legal services, and we find $400 per hour to be a reasonable rate for the work devoted to this issue. Consequently, we set the monetary portion of the Rule 11 sanction at $6,720.

By **December 31, 2026**, attorney Jason Castro must file a notice of compliance confirming payment of **$6,720** to Leafwell or its counsel, as Leafwell may direct. Leafwell's fee motion (Doc. 45) is denied as moot.

**ORDERED** on September 28, 2026

NICHOLAS P. MIZELL
United States Magistrate Judge